MARTIN RODNEY ET AL. *v.* J. L. SEELYE ET AL.

CHANCERY. *Decrees against non-residents. Petition for rehearing. Not applicable to probate.*

Sects. 1070, 1071, 1264, Code 1871 (arts. 36 and 37, p. 546, Code 1857), providing for a rehearing where a non-resident defendant, against whom a decree has been rendered on publication only, shall petition therefor and give security for costs, within two years after the rendition of the decree, apply only to decrees of the Chancery Courts in the exercise of their jurisdiction as possessed before they were invested with the powers of Courts of Probate, and are not applicable where the decree was made at the instance of a guardian to sell his ward's interest in land under § 1223 Code 1871.

APPEAL from the Chancery Court of Wilkinson County.

Hon. THOMAS Y. BERRY, Chancellor.

This was a petition, under Code 1871, §§ 1070, 1071, 1264, by non-resident defendants, against whom a decree had been rendered, on a bill by a guardian, under § 1223 Code 1871, to sell the interest of his ward in land, on publication only, to be permitted to plead, answer or demur to the bill, and for a rehearing. The defendants to the petition demurred, on the ground that §§ 1070, 1071, 1264, related exclusively to equity decrees, and had no application to proceedings on the probate side of the court, and that the proceeding, not having been commenced within one year after the original decree, was barred by § 2173 Code 1871.

*H. S. Van Eaton,* for the appellants.

1. Sects. 1070, 1071, 1264, Code 1871, do not apply to this case, which was a proceeding under § 1223 Code 1871. The Chancery Courts in probate matters must be governed by probate law. *Saxon* v. *Ames,* 47 Miss. 565; *Wells* v. *Smith,* 44 Miss. 304. The defects, if any, in the decree can be reached by review in the Appellate Court. *Williams* v. *Campbell,* 46 Miss. 62.

2. The right to proceed to attack the decree is barred by § 2173 Code 1871.

*L. K. Barber,* for the appellees.

The appellees had the right to a rehearing under the statute.

CAMPBELL, J., delivered the opinion of the court.

Sects. 1070, 1071, 1264, Code 1871, do not apply to decrees ·of the Chancery Courts for sales of land by guardians under the Code.  They apply only to decrees of said courts in the exercise of their jurisdiction in all matters of equity as possessed before they were invested with jurisdiction over matters formerly conferred on " Courts of Probate."  Sects. 1070 and 1071 are the same, respectively, as articles 36 and 37, p. 546, Code 1857, and in it pertained exclusively to Chancery Courts.  In the Code of 1871, the chapter consisting of " An Act in relation to Chancery Courts," contains what was embraced in " An Act in relation to Chancery Courts," and " An Act providing for the establishment of the Probate Courts," &c., in the Code of 1857 ; and it may fairly be concluded that the mere transfer of the articles mentioned from the Chancery Court law of 1857 to that of 1871 was not designed, and did not have the effect, to extend these provisions beyond their scope as contained in the former Code ; but that in the Code of 1871 they are limited to the same decrees to which they related in the former Code.  Sect. 1264 is a substantial copy of § 1070 of the Code, and seems out of place where it is, but from its connection appears to relate exclusively to the " judgments and decrees " mentioned in the next preceding section.

*Decree reversed, demurrer sustained, and petition dismissed.*